JUSTICE GABRIEL,
dissenting.
[ 40 Unlike the majority, I do not perceive section 38-8-110(1), C.R.S. (2015), to be ambiguous. Rather, in my view, that provision creates a statute of repose that bars the right to bring an action after the period of repose lapses. Moreover, applicable precedent from both this court and the United States Supreme Court makes clear that in these cirenmstances, the concept of tolling is inapplicable. To hold otherwise would allow the parties to alter, by agreement, an express legislative mandate extinguishing a claim. Because I do not believe parties may do so, I respectfully dissent.
I. Analysis
$41 As pertinent here, section 88-8 110(1)(a) provides that a cause of action with respect to a fraudulent transfer or obligation under article 8 of title 38 is "extinguished" unless the action is brought under section 38-8-105(1)(a), C.R.S. (2015), "within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant."
142 The official comment to this provision confirms that the section's purpose "is to make clear that lapse of the statutory periods prescribed by this section bars the right and not merely the remedy." § 38-8-110 erat. 1.
143 Unlike the majority, I believe that section 88-8-110(1)(a) establishes a statute of repose or nonclaim statute, and not a statute of limitations (or combined statute of repose and statute of limitations). As the United States Supreme Court has observed, a statute of limitations creates a time limit for suing in a civil case, and this limitation is based on when the claim accrued. See CTS Corp. v. Waldburger, - U.S. -, 134 S.Ct. 2175, 2182, 189 L.Ed.2d 62 (2014). A statute of repose, in contrast, "puts an outer limit on the right to bring a civil action." Id. Such a statute bars any suit filed after a specified time, and it does so even if the period ends before the plaintiff has suffered a resulting injury. Id. A statute of repose is thus a "cutoff" or absolute bar on a defen *1213 dant's liability, and it reflects a legislative judgment that a defendant should be free from lability after the legislatively prescribed period of time. Id. at 2183 (quoting Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 363, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991)).
€44 In my view, section 88-8-110(1)(a), and particularly its use of the word "extinguished," reflects an unambiguous legislative judgment to set an outer limit on the right to bring a civil action. The word "extinguish" means, "[Tjo cause (as a claim or right) to be void : make legally nonexistent." Extinguish, Webster's Third New Int'l Dictionary (2002). Moreover, the legislature's intent to create a statute of repose or nonelaim statute is rein-foreed by the official comments, which expressly state the legislature's intent to bar the underlying right and not merely the remedy. § 38-8-110 emt. 1.
1 45 I am not persuaded otherwise by the language in section 38-8-110(1)(a) that says, "... or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant." I acknowledge that similar language is often used in connection with the accrual of a claim. See, e.g., § 18-80-108(1), C.R.S. (2015) ("Exeept as provided in subsection (12) of this section, a cause of action for injury to person, property, reputation, possession, relationship, or status shall be considered to accrue on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence."). Here, however, when read in the context of section 38-8-110 as a whole, it is clear to me that the "or, if later" language is part and parcel of the statutory eutoff for CUFTA claims. Specifically, I read section 88-8-110(1)(a) to mean that a CUFTA claim is extinguished unless brought within four years after the transfer was made or within one year after it was or could reasonably have been discovered by the claimant, whichever occurs later.
146 For these reasons, I believe that seetion 38-8-110(1)(a) creates a statute of repose. The question thus becomes whether such a statute can be tolled by the agreement of the parties. I do not think that it can.
T47 In In re Estate of Ongaro, 998 P.2d 1097, 1102 (Colo. 2000), we construed section 15-12-803(1), C.R.S. (2015). That statute provided that claims not filed within the applicable time period were "barred." § 15-12-808(1). We concluded that such language cere-ated a nonclaim statute and not a statute of limitations. Ongaro, 998 P.2d at 1102. In addition, we stated, "The General Assembly's use of the term barred indicates its intent to render concepts of waiver or tolling, which are applicable to statutes of limitations, generally inapplicable to section 15-12-803(1)." Id.,; see also 54 C.J.S. Limitations of Actions § 5, at 23 (2005) ("A statute of repose creates a substantive right in those protected to be free from Hability after the legislative-determined period of time, beyond which the liability will no longer exist and will not be tolled for any reason.") (footnotes omitted).
€48 In my view, the same reasoning applies here. As noted above, the legislature used the term "extinguished," and the official comments expressly noted the statute's purpose to bar claims filed after the specified time periods lapse. Just as we concluded in Ongaro, 998 P.2d at 1102, that the General Assembly's use of the term "barred" indicated an intent to render the concept of tolling inapplicable to a nonelaim statute, I believe that the General Assembly's use of the term "extinguished" indicated its intent to render the concept of tolling inapplicable to the statute of repose at issue here. Indeed, to hold otherwise would undermine the legislature's judgment that after the specified time, the defendant should be free from Hability. See CTS Corp., 134 S.Ct. at 2183.
49 In this regard, the United States Supreme Court's decision in Midstate Horticultural Co. v. Pennsylvania Railroad Co., 320 U.S. 356, 357-58, 64 S.Ct. 128, 88 L.Ed. 96 (1943), is substantially on point. There, the applicable statute provided that all actions "'shall be begun within three years from the time the cause of action acerues, and not after'" Id. at 357, 64 S.Ct. 128 (quoting 49 U.S.C. § 16(3)(a) (1940). The question presented to the Court was whether this limitation could be waived by an express agreement made by the parties before the statutory period ended. Id, The Court con *1214 cluded that if could not because an agreement waiving the statutory limitation was "invalid as being contrary to the intent and effect of the section and the Act [at issue]." Id. at 358, 64 S.Ct. 128, The Court further observed, "Congress intended, when the period has run, to put an end to the substantive claim and the corresponding lability, The cause of action, the very foundation for relief, is extinguished." Id. at 364, 64 S.Ct. 128.
T50 This reasoning applies with equal force here. Specifically, the language of seetion 38-8-110(1}(a) reflects a clear and unam-bignious legislative intent to put an end to the substantive claim and the corresponding liability onee the statutory period has lapsed. See also § 88-8-110(1)(a) emt. 1 ("[This seetion's] purpose is to make clear that lapse of the statutory periods prescribed by the seetion bars the right and not merely the remedy."). Thus, to allow parties to extend the statutory periods by agreement would be contrary to the intent and effect of section 38-8-110(1)(a), and any such agreement is therefore invalid. See Midstate Horticultural, 320 U.S. at 358, 64 S.Ct. 128.
€ 51 Accordingly, I believe that the division below correctly concluded that the parties could not toll section 38-8-110(1l)(a)'s time limitation by agreement, and I would affirm the division's judgment.
II. Conclusion
€ 52 For. these reasons, I respectfully dissent.
~I am authorized to state that CHIEF JUSTICE RICE and JUSTICE COATS join in this dissent. ~